UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

NATIONAL GENERAL ASSURANCE COMPANY,

                            Plaintiff,

v.

MICHAEL A. CIMINO,
DOMINICK F. CIMINO, AND
JEFFREY P. CARY, AS FATHER OF J.C., AN INFANT,
AND JEFFREY P. CARY, INDIVIDUALLY,

                            Defendants.

DECISION & ORDER

Case No. 14-CV-6230-FPG

---

      The instant Complaint (ECF No. 1) was filed in this Court by Plaintiff, National General Assurance Company ("Plaintiff"), on April 11, 2014, seeking Declaratory Judgment pursuant to the Declaratory Judgment Act ("DJA") 28 U.S.C. §§ 2201 and 2202, and asserting diversity jurisdiction on the basis that Plaintiff is a North Carolina company and Defendants Michael A. Cimino, Dominick F. Cimino, and Jeffrey P. Cary, as father of J.C., an Infant, and Jeffrey P. Cary ("Defendants") are all New York residents, and the amount in controversy in the underlying action in Monroe County Supreme Court ("Supreme Court") is more than $75,000. 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between (1) citizens of different States."). "In declaratory judgment cases involving 'the applicability of an insurance policy to a particular occurrence, the jurisdictional amount in controversy is measured by the value of the underling claim – not the face amount of the policy."

*Amica Mut. Ins. Co. v. Levine*, No. 3:13-CV-00716, --- F. Supp. 2d ----, 2014 WL 1154485, at *3 (D. Conn. March 21, 2014) (citations omitted).[1]

The complaint in the underlying civil action filed in Supreme Court under Index No. 2013-12450 on November 4, 2013 by plaintiffs therein, Jeffrey P. Cary, as Father of J.C., an Infant, and Jeffrey P. Cary, Individually ("*Cary* action"), alleges that defendant Michael A. Cimino, while negligently, carelessly, recklessly and unlawfully operating a vehicle owned by and with the express knowledge and consent of defendant Dominick F. Cimino, on a public highway, caused bodily injury to infant Plaintiff, a pedestrian, on July 18, 2013. *See* Ex. A, attached to Complaint, ECF No. 1. In the associated criminal action, *People of the State of New York vs. Michael Cimino*, Superior Court Information No. 2013-3572, defendant Michael A. Cimino pleaded guilty on October 31, 2013 in Supreme Court to Assault 2° (reckless assault) and commenced serving a prison sentence on January 14, 2014. Cimino Mem., ECF No. 12; *see* Ex. B, attached to Pl.'s Mem., ECF No. 13.

Initially, the Court notes that Plaintiff is continuing to defend the Ciminos in the *Cary* action in Supreme Court; but, according to the Complaint for Declaratory Judgment, seeks to withdraw from representation in that action by having federal court determine its rights and obligations under an auto insurance policy issued to its insured Defendant, Dominick F. Cimino, to confirm its belief that pursuant to the policy terms ("Policy") providing for bodily injury/property damage liability coverage, the incident allegations do not involve an "occurrence" as defined in the Policy and/or are otherwise excluded from coverage by Policy

---

[1] Contrast a declaratory judgment action involving a dispute about the validity of the insurance policy itself, in such circumstances, the face value of the policy is the proper measure of the amount in controversy. *Amica Mut. Ins. Co., v. Levine*, No. 3:13-CV-00716, --- F. Supp. 2d ----, 2014 WL 1154485, at *3 (D. Conn. March 21, 2014) (citations omitted).

exclusions.[2] As a consequence, Plaintiff asserts that it has no obligation to defend, indemnify or otherwise provide insurance coverage to any defendant in the *Cary* Action.

28 U.S.C. §§ 2201 and 2202 provide, respectively:

> In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such. (Emphasis added.)
>
> Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.

The Second Circuit has made clear that courts have consistently interpreted the permissive language of the DJA "as a broad grant of discretion to district courts to refuse to exercise discretion over a declaratory judgment action that they would otherwise be empowered to hear." *Dow Jones & Co. v. Harrods Ltd.*, 346 F.3d 357, 359 (2d Cir. 2003) (citing *Wilton v. Seven Falls*

---

[2] The Policy information, in relevant part, is set forth below:

***PERSONAL AUTOMOBILE POLICY DEFINITIONS:***

D. 'Accident' means: a sudden, unexpected and unintended event arising out of the ownership, maintenance or use of an auto that results in a claim for damages either by an insured or against an insured under the terms of your policy

***PART A. LIABILITY COVERAGE EXCLUSIONS:***

A. Coverage under Part A including our duty to defend, does not apply to:

1. Bodily injury or property damage caused intentionally by or at the direction of an insured.

***ENDORSEMENT 00179 (1-1-09) PART A EXCLUSIONS:***

15. Bodily injury or property damage to any person while occupying any auto:

   a. being used in unlawful activity (other than a traffic violation), illicit trade or transportation; or

   b. used or operated in an attempt to flee a law enforcement agent; and such person is a willing participant in such activity listed in a. or b. above.

*Co.*, 515 U.S. 277, 282-83 (1995); *Public Serv. Comm'n of Utah v. Wycoff*, 344 U.S. 237, 241 (1952); *see also* 10b Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice & Procedure: Civil* § 2759 (3d ed. 1998) ("Wright & Miller").

In *Dow Jones*, the Second Circuit reiterated the simple test developed to guide the exercise of a district court's discretion in DJA cases, listing the factors it must consider:

> (1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved;
>
> (2) whether a judgment will finalize the controversy and offer relief from uncertainty;
>
> (3) whether proposed remedy is being used merely for "procedural fencing" or "a race to res judicata";
>
> (4) whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or federal court; and
>
> (5) whether there is a better or more effective remedy.

*Id.* at 360. Affirming the district court's decision to decline to exercise discretionary jurisdiction over the action, the Second Circuit found that it properly balanced these factors by performing a detailed analysis and no abuse of discretion occurred. *Id.*

Here, all parties agree that the *Dow Jones* factors are to be analyzed by the Court in determining whether to exercise its jurisdiction over this matter. Defendants have expressed their disagreement with and opposition to Plaintiff's position regarding the requested discretionary exercise of jurisdiction. In the interest of judicial economy, I have distilled the Defendants' overlapping assertions to the following points:

1. Granting a declaratory judgment would not resolve the controversy because the underlying action would continue in state court irrespective of any determination by this Court regarding coverage of the Cimino Defendants under the Policy. Moreover, the distinct possibility exists for an appeal by Plaintiff should the Court find that coverage exists, thereby, continuing matters in at least two courts.

2. A declaratory judgment in this Court would serve no useful purpose in clarifying or settling the legal issues involved because the Cimino Defendants would pursue an action in state court to enforce the parties' insurance contract.

4

3. The Complaint seeking a declaratory judgment is a blatant attempt to forum shop by commencing an action on the eve of an anticipated adverse ruling in state court, based upon the default by Ciminos and the default judgment entered by order of the presiding Supreme Court Justice (*see* Taddeo Order entered on May 5, 2014, Schiano Mem., ECF No. 10), which would have required Plaintiff to pay damages under the Policy. The timing of the instant action, filed 12 days before oral argument on the Motion for a Default Judgment in Supreme Court, suggests a "preemptive procedural strike" to derail the state court action, avoid having any motion for declaratory judgment in state court heard by the same Supreme Court Justice who ordered entry of a default judgment on May 5, 2014, and provide Plaintiff a tactical edge. If this Court should determine that coverage exists under the Policy, possible appeals from such determination and Justice Taddeo's Order may ensue, respectively, in federal and state appellate courts, which makes little sense. Even if the allegation were true that infant J.C. was engaged in marijuana selling at the time the incident occurred, *i.e.*, implying that Michael Cimino was engaged in criminal activity at the time of the accident, Plaintiff paid all no-fault/medical bills prior to filing this declaratory judgment action.[3]

4. Granting a declaratory judgment would encroach on the domain of the state court where the underlying action is pending and which has the authority to resolve all issues between the parties. Likewise, Defendants have the ability to resolve all issues in state court.[4]

5. An adequate remedy exists for Plaintiff in state court by seeking a declaratory judgment in that forum which is better suited and equipped to serve the interests and convenience of the parties, address defenses and joinder of all issues and parties, in order to comprehensively adjudicate the conflict. Moreover, the initial action could not have been brought in Federal Court because all parties thereto are New York residents.

Plaintiff takes the position that in this actual controversy a declaratory judgment is proper for the following reasons:

1. Issuance of a declaratory judgment will settle the controversy because Plaintiff will either be found to owe or not to owe a duty to indemnify the Cimino Defendants.[5] The sole issue to be decided is whether Plaintiff must indemnify the Cimino Defendants, since there are no factual issues in the state court personal injury case

---

[3] Note: This assertion was made by attorney for Defendant Jeffrey Cary.

[4] Note: The attorney for the *Cary* Defendants points out that they could not bring the initial action in Federal Court because all parties thereto are New York residents.

[5] Under New York law …, "an insurer's duty to defend is broader than its duty to indemnify and has been described by the New York Court of Appeals as 'exceedingly broad.'" *Westport Ins. Corp. v. Hamilton Wharton Group, Inc.*, 483 F. App'x 599 (2d Cir. 2012) (citing *Colon v. Aetna Life & Cas. Ins. Co.*, 66 N.Y.2d 6, 8 (1985). Plaintiff, I believe, has provided counsel for the Ciminos in the state court action.

due to entry of the default judgment against the Cimino Defendants and the plea of Michael Cimino in that forum. These circumstances are distinguishable from those presented *Westport Ins. Corp. v. Hamilton Wharton Group Inc.*, 483 F. App'x 599 (2d Cir. 2012), where the state and federal court proceedings shared many of the same unresolved factual issues.

2. A declaratory judgment will serve a useful purpose by clarifying the legal relations at issue by establishing the nature of the duties owed by Plaintiff to the Cimino Defendants in the personal injury action and providing relief from uncertainty for all parties regarding their roles and duties in the state court action, as well as who will be responsible for payment of any judgment awarded therein. Thus, according to Plaintiff, since there are no factual issues in the state court personal injury case due to entry of the default judgment against the Cimino Defendants and the plea of Michael Cimino in that forum, this Court will not need to make any factual determinations regarding the underlying personal injury claim in order to rule on the coverage issue. Plaintiff also argues that it could not intervene in the state court personal injury action because the issue of coverage could not have been advanced as a claim or a defense and it was not a named party, or in privity with a party in that action, and acknowledging that it would not be collaterally estopped from litigating the issue of indemnification in a subsequent action in the event of a judgment for plaintiff (citing *Kaczmarek v. Shoffstall*, 119 A.D.2d 1001, 1002 (4th Dept. 1986). Thus, no duplicative claims or parties would be at issue in the action for a declaratory judgment.

3. The instant action is not being used to forum shop or race to *res judicata* because there is diversity of citizenship, *i.e.*, original jurisdiction in this Court and venue is proper; any declaratory judgment will not have a binding effect on the state court personal injury action, but would rather delineate Plaintiff's duties to the Cimino Defendants. Plaintiff notified counsel for the Cimino Defendants early after the incident of the reservation of its rights in defending the claim, as the attached correspondence dated August 23, 2013, reveals – long before the default judgment was taken. Timing of the instant action is not tied to the default judgment.

4. Issuance of the declaratory judgment will not encroach on state jurisdiction because Plaintiff is not a party to the state court action against its insured, and only issues of the insured's liability remain in that case (citing *Allstate Ins. Co. v. Martinez*, No. 3:11cv574(VLB), 2012 U.S. Dist. LEXIS 55752, at *35 (D. Conn. April 20, 2012).

5. There is no adequate remedy available to the parties for the issues presented in this case because the action involves issues and parties which were not addressed in the state court personal injury action. (Citing *Colony Ins. Co v. Halprin*, No. 3:10-CV-1059(CSH), 2012 U.S. Dist. LEXIS 95982, at *21-23 (D. Conn. July 11, 2012) (declaratory judgment granted in circumstances where dispute existed as to whether Colony had duty to defend or indemnify Halprin in underlying pending state court action in which Colony was not a named party; under Connecticut law, no duty to defend where allegations of state court plaintiffs' complaint — Halprin's failure to prevent shooting of business invitees, with fatal injuries, in the parking lot of his business premises — fell within insurance policy's clear and unambiguous "Assault

and Battery Exclusion" excluding coverage for bodily injury, property damage and personal and advertising injury arising out of or resulting from "Assault and Battery committed by any person," and where there is no duty to defend, there is no duty to indemnify)). Also, the issue of indemnification will not be litigated in the state court action, as Plaintiff is not a party to the underlying state court action in this case.

Analysis of the *Dow Jones* factors results in a determination that the Court declines jurisdiction for several reasons. First, issuing a declaratory judgment will not end this controversy; additional litigation is expected to follow. Second, issuing a declaratory judgment will not serve a useful purpose, as it will not end the controversy, and the Court will be called upon not only to interpret Plaintiff's duties pursuant to the Policy's language, but to assess facts which were not determined in the state court proceedings, namely, whether Defendant Michael A. Cimino was engaged in criminal activity at the time the incident occurred, a subject the Court will necessarily have to address upon considering the substance of Michael Cimino's admissions and statements made during the plea colloquy to reckless assault, attached as Ex. B to Pl.'s Mem., ECF No. 13. Third, contrary to Plaintiff's position, this looks like classic forum shopping to avoid state court consequences flowing from the entry of default judgment. If as Plaintiff claims, any determination by this Court would not be binding in state court proceedings, any determination in its favor would provide it a definite advantage. It also would engender further litigation and may result in appeals in state and federal courts. Fourth, contrary to Plaintiff's position, Justice Taddeo's Order makes it clear that the next step in Supreme Court is an inquest for damages. Liability is not an outstanding issue. Lastly, I agree with Defendants that an adequate remedy exists for Plaintiff in state court by seeking a declaratory judgment in that forum which is better suited and equipped to serve the interests and convenience of the parties, address defenses and joinder of all issues and parties, in order to comprehensively adjudicate the conflict. If the duty to defend in New York depends on whether the complaint filed in state court sets forth facts which fall within Policy coverage, *i.e.*, an accident involving reckless, not

intentional conduct, and nothing to suggest unlawful activity, which I submit, it does, the duty to defend may be established. As far as the duty to indemnify for damages due to bodily injuries, additional fact-finding by this Court would be required.

Therefore, this Court declines to exercise its potential jurisdiction for declaratory judgment. Consequently, the Complaint is dismissed with prejudice. The Clerk of the Court is directed to close Civil Case No. 14-CV-6230.

IT IS SO ORDERED.

Dated: August 28, 2014
Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge